ETHEL M. ROGERS, RESPONDENT, v. HYMAN KRAMER, APPELLANT.

Submitted October 30, 1931—Decided May 16, 1932.

For the appellant, *Minturn & Weinberger*.

For the respondent, *Koehler & Augenblick* and *Bernard Freedman*.

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the Supreme Court based upon an order striking out an answer

as sham, and entering summary judgment. The suit is on a promissory note made by the defendant, Hyman Kramer, to the order of Thomas Parsonnet and Nat Fruchtman for $6,500, with interest, and payable three months after November 25th, 1929, when the note was dated, and endorsed by Thomas Parsonnet, Nat Fruchtman and Augusta B. Parsonnet. The last named was the last endorser and was an accommodation endorser. The complaint alleged the making of the note; that before maturity it was endorsed for valuable consideration to the Labor National Bank, afterwards the Union National Bank, in Newark; that after maturity $1,500 was paid, reducing the note to $5,000; and that the note was assigned or otherwise transferred by the bank to the plaintiff.

The defendant answered, admitting the general allegations of the complaint, except that there is anything due on the note or that the plaintiff is a holder in due course. The answer then goes on to set up that, after the maturity of the note, the defendant made an agreement with the *bank, Thomas* Parsonnet and Nat Fruchtman that the note should be paid; that there was a certificate of deposit or cash in the sum of $5,000 with the bank, which was the property of Augusta B. Parsonnet; that it was expressly understood and agreed that $1,500 was to be paid by the defendant and the proceeds of the certificate of deposit in the possession of the said bank in the sum of $5,000 should be applied to the payment of the note; that there was an agreement that the defendant would be relieved of any liability on account of the obligation; that he paid the $1,500; and that thereafter any liability of defendant was to be canceled.

Upon notice to strike out, the plaintiff made an affidavit asserting that she became the owner of the note in the sum of $5,000 by transfer upon payment by Augusta B. Parsonnet, who was plaintiff's daughter, and who was an endorser on the note; and that Augusta B. Parsonnet had the note transferred to plaintiff by the bank to satisfy a claim of plaintiff against said Augusta B. Parsonnet in the sum of

$5,000. The facts are also sworn to by one Dunkel, who was cashier of the bank and whose affidavit disclosed a liability to pay the full amount, as well as by an affidavit of Augusta B. Parsonnet who denied that she was party to any agreement touching payment as alleged in the answer.

The defendant, Kramer, made an affidavit which did not sustain the answer and differed essentially from the answer, in that the defendant asserts that there was an agreement between Fruchtman, Thomas Parsonnet, Augusta B. Parsonnet, and himself touching the payment of the note and cancellation of defendant's liability. He sets out a lot of irrelevant matter about prior business relations between defendant and the two male endorsers. He refers to an understanding between the three males, but does not show any undertaking or agreement of Augusta B. Parsonnet to do anything, and nowhere in the affidavit is it asserted that the bank was party to any agreement or even had knowledge of the arrangement between the maker and endorsers of the note. It, therefore, appears that the bank was a holder in due course, for a valuable consideration, without knowledge of any infirmities in the note, and that the plaintiff, Mrs. Rogers, was a holder for value, in due course, because she stood in the shoes of her assignor.

We conclude, therefore, that the affidavit of defendant did not set up facts entitling him to defend, that the striking out of the answer as sham was warranted, and that the judgment should be affirmed.

*For affirmance*—TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.